FILED
AUG -8 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:           Deputy Clerk

ENTERED
AUG 08 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:           Deputy Clerk

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>WOLF MOUNTAIN RESORTS, L.C.,<br>a Utah limited liability company,<br><br>                    Debtor. | Case No. 2:11-bk-30162-PC<br><br>Chapter 11<br><br>**MEMORANDUM DECISION**<br><br>Date:  July 21, 2011<br>Time:  9:30 a.m.<br>Place: United States Bankruptcy Court<br>         Courtroom # 1539<br>         255 East Temple Street<br>         Los Angeles, CA 90012 |

On May 9, 2011, Wolf Mountain Resorts, L.C. ("Debtor") filed its voluntary petition under chapter 11 of the Bankruptcy Code[1] in the above referenced case. On May 18, 2011, the court ordered that a preliminary status conference be conducted on July 13, 2011.[2] Pursuant to the Status Conference Order,[3] ASC Utah, LLC ("ASCU") filed a Renewed Motion for Order:

---

[1] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005). "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P."). "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California.

[2] Order to (1) Disclose Single Asset Real Estate; (2) File Status Report; (3) Attend Preliminary Status Conference; and (4) File Monthly Interim Statements and Operating Reports entered on May 18, 2011 ["Status Conference Order"].

[3] The Status Conference Order states, in pertinent part:

> Any party may request at the preliminary status conference, or any continuation thereof, that the case be converted to another chapter or dismissed, or that a chapter 11 trustee be appointed, provided that a motion requesting such relief is filed and served on persons or entities entitled to notice at least ten (10) days prior to the preliminary status conference. Opposition may be presented orally at the preliminary status conference.

Dismissing the Chapter 11 Case Pursuant to Sections 305 and 1112(b) of the Bankruptcy Code; or, in the Alternative, Relief from the Automatic Stay Pursuant to Bankruptcy Code Section 362(d) to Either Exercise Setoff Rights Under Bankruptcy Code Section 553 or Seek Relief in the Utah State Courts to Exercise Setoff Rights ("Renewed Motion").[4] ASCU set the matter for hearing in conjunction with the status conference on July 13, 2011. Debtor filed written opposition to the Renewed Motion on July 12, 2011.

At the hearing on July 13, 2011, ASCU made an oral request that the court consider the appointment of a trustee pursuant to 11 U.S.C. § 1104(a) as an alternative to the relief requested in the Renewed Motion. The court agreed to do so based solely upon the evidentiary record before the court. The court advised the parties that the evidentiary record was closed, and continued the hearing on ASCU's Renewed Motion to June 21, 2011, to consider the Debtor's opposition before reaching the merits.

At the hearing on July 21, 2011, the court denied the ASCU's Renewed Motion without prejudice with respect to dismissal pursuant to 11 U.S.C. §§ 305 and 1112(b) or the appointment of a trustee under 11 U.S.C. § 1104(a).[5] The matter was taken under submission with respect to the balance of the relief requested in the motion. Having considered the pleadings, evidentiary record, and arguments of counsel, the court grants relief from the stay pursuant to 11 U.S.C. §

---

Id. at 4:26-28.

[4] This was ASCU's second motion seeking dismissal of the case. By emergency motion filed on May 12, 2011, ASCU sought dismissal of the case under 11 U.S.C. §§ 305(a) and 1112(b), and an order barring the Debtor for a period of 90-days from filing a further bankruptcy petition; or, alternatively, relief from the automatic stay to continue a state court action pending between the parties in Utah on the petition date. By orders entered on May 17, 2011, the court granted ASCU's request for relief from the stay and denied without prejudice the balance of the relief requested in the motion.

[5] The court hereby adopts and incorporates by reference its findings of fact and conclusions of law made on the record at the hearing on July 21, 2011, with respect to the Debtor's claim that ASCU's request for relief from the automatic stay was procedurally improper under the Status Conference Order and LBR 4001-1.

-2-

362(d)(1) based upon the following findings of fact and conclusions of law[6] pursuant to F.R.Civ.P. 52(a)(1), as incorporated into FRBP 7052 and made applicable to contested matters by FRBP 9014( c).

## I. STATEMENT OF FACTS

On July 3, 1997, Debtor sold certain property then known as the Wolf Mountain Ski Resort in Park City, Utah, to ASC Utah, Inc. In conjunction with the sale, Debtor leased to ASC Utah, Inc. approximately 60 acres of land that comprised the resort pursuant to the terms and conditions of a Ground Lease Agreement ("Ground Lease"). A dispute between the Debtor and ASC Utah, Inc. resulted in a lawsuit by ASC Utah, Inc. against the Debtor in the Third Judicial District Court, Summit County, Utah in June 2006. ASC Utah, Inc. sought injunctive relief and later damages for alleged breach of contract and intentional interference with economic relations. On June 28, 2006, the Utah state court issued an injunction prohibiting Debtor from taking action to terminate the Ground Lease. After a 7-week trial, a jury rendered a verdict on April 26, 2011, awarding ASC Utah, Inc. damages of approximately $55 million against the Debtor.

On May 9, 2011, Debtor commenced this case in large part to stay further proceedings in the Utah state court. On May 17, 2011, an Order Granting Relief From the Automatic Stay to ASU Utah, LLC Pursuant to Section 362(d) of the Bankruptcy Code was entered in this case which provides, in pertinent part:

> IT IS HEREBY ORDERED that relief from the automatic stay is hereby granted under Section 362(d) of the Bankruptcy Code to: (1) allow ASCU to seek and permit the Utah State Court to order, an extension of the prejudgment writ of attachment issued by the Utah court on May 5, 2011, limited as to any property attached prior to Debtor's filing of the Chapter 11 Petition and non-debtor assets; and (2) to allow ASCU, Debtor, the Osguthorpe parties or all other necessary parties to conclude all matters directly related to Consolidated Case No. 060500297 pending before the Third Judicial District Court in Summit County, State of Utah, <u>including, but not limited to:</u> entering a judgment against Wolf Mountain Resorts, L.C. ("Debtor"); awarding attorneys' fees, costs and interest under Utah law; determining whether any judgment should be and is final under Rule

---

[6] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.

54(b) of the Utah Rules of Civil Procedure or otherwise; and rendering rulings on the pending declaratory claims between the Debtor and ASCU and on the pending equitable claims for relief alleged by Osguthorpes to the extent the declaratory and other equitable claims are based upon the evidence presented during the trial or via summary judgment motions prior to May 9, 2011. The foregoing order granting relief from the automatic stay includes any appeal and the Utah court may determine the appropriate amount of a supersedeas bond related thereto, including a bond required of [D]ebtor, ASCU, or the Osguthorpe parties for purposes of appeal. The 14 day waiver of enforcement of this order is hereby waived. <u>Relief from stay is not to permit ASCU to enforce judgment or take possession of property of the Debtor's bankruptcy estate without further order of the court.</u>

Id. 2:12 to 3:6 (emphasis added). On May 24, 2011, the Utah state court entered a judgment in favor of ASC Utah, Inc. against the Debtor in the amount of $54,437,000 ("Judgment").

Pursuant to the Ground Lease, ASC Utah, Inc. is obligated to make a payment to Debtor in September 2011. ASCU and Debtor estimate the payment to be approximately $3 million ("September 2011 Payment"). ASCU claims that, absent the automatic stay, it would be entitled to offset the entire September 2011 Payment against the Judgment.[7] Alternatively, ASCU "asserts recoupment as an additional [ground] for withholding the Ground Lease payment which would otherwise be due in September."[8] ASCU asks that the stay be modified to permit ASCU either to: (a) exercise its right to offset the September 2011 Payment against the Judgment; or (b) seek relief from the Utah State Court to exercise its right of setoff under applicable Utah state law."[9] Debtor opposes the relief requested, arguing primarily that (1) ASCU has no claim against the Debtor nor standing to assert setoff rights because the requisite element of mutuality does not exist given that ASC Utah, Inc., not ASCU, is the proper party to the Ground Lease and Judgment; (2) § 3.02 of the Ground Lease expressly prohibits "any abatement, reduction, set off, counterclaim, defense or reduction with respect to the payment of any rent" under the agreement; (3) the holder of the alleged right of setoff is adequately protected given the value of the Debtor's

---

[7] Renewed Motion, 21:7-9.

[8] Id. at 21 n.15.

[9] Id. at 22:7-10.

- 4 -

1  unencumbered assets; and (4) the September 2011 Payment is necessary for an effective
2  reorganization.[10]

## II. DISCUSSION

The court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b). ASCU's motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G) and (O). Venue is appropriate in this court. 28 U.S.C. § 1409(a).

A. <u>Cause for Relief from Stay</u>.

Section 362(d)(1) provides that, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause, <u>including</u> the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1) (emphasis added). Although the Bankruptcy Code does not expressly define this term, "cause" for relief from the stay under § 362(d)(1) is determined on a case-by-case basis. <u>Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)</u>, 405 B.R. 915, 921 (9th Cir. BAP 2009); <u>Delaney-Morin v. Day (In re Delaney-Morin)</u>, 304 B.R. 365, 369 (9th Cir. BAP 2003) (citing <u>MacDonald v. MacDonald (In re MacDonald)</u>, 755 F.2d 715, 717 (9th Cir. 1985). Section 362(d)(2) authorizes the court to grant relief from the stay with respect to an act against property upon a finding that there is no equity and the property is not necessary for an effective reorganization in the case. 11 U.S.C. § 362(d)(2). The party seeking relief has the burden of proof on the issue of equity and the debtor has the burden of proof on all other issues, including the necessity of the property for an effective reorganization. 11 U.S.C. § 362(g).

"Effective reorganization" under § 362(d)(2)(B) is interpreted to mean a "reasonable

---

[10] Opposition of Wolf Mountain Resorts, L.C., Debtor and Debtor in Possession to ASC Utah, LLC's "Renewed Motion for Order: Dismissing the Chapter 11 Case Pursuant to Sections 305 and 1112(b) of the Bankruptcy Code; or, in the Alternative, Relief from the Automatic Stay Pursuant to Bankruptcy Code Section 362(d) to Either Exercise Setoff Rights Under Bankruptcy Code Section 553 or Seek Relief in the Utah State Courts to Exercise Setoff Rights" ("Opposition"), 25:3 to 29:3.

possibility of a successful reorganization within a reasonable time." United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 376 (1988)  This requires "not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect." Id. at 375–376 (emphasis in original). The standards for stay relief under § 362(d)(1) and (d)(2) are independent and alternative. Can-Alta Props., Ltd. v. States Sav. Mortg. Co. (In re Can-Alta Props., Ltd.), 87 B.R. 989, 990 (9th Cir. BAP 1988). In other words, even if the debtor establishes that property may be necessary for an effective reorganization, the court is still authorized to terminate the stay if "cause" exists for doing so under § 362(d)(1).

B. Setoff.

Setoff rights under the Bankruptcy Code are governed by § 553, which provides in pertinent part:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . . .

11 U.S.C. § 553(a). Section 553 "does not establish independent setoff rights in bankruptcy but rather preserves setoff rights existing under law independent of the Bankruptcy Code." United States of Am. v. Gould (In re Gould), 401 B.R. 415, 423 (9th Cir. BAP 2009). Setoff rights are favored, but not automatically permitted. See Carolco Television, Inc. v. Nat'l Broad. Co. (In re De Laurentiis Entm't Group, Inc.), 963 F.2d 1269, 1277 (9th Cir. 1992) ("[S]etoffs in bankruptcy have been 'generally favored' and a presumption in favor of their enforcement exists."); Camelback Hosp., Inc. v. Buckenmaier (In re Buckenmaier), 127 B.R. 233, 237 (9th Cir. BAP 1991) ("[B]ecause the setoff right is an established part of our bankruptcy laws, it should be enforced 'unless compelling circumstances . . .' require otherwise.") (citation omitted)). The allowance of a setoff right is discretionary. United States v. Arkison (In re Cascade Rds., Inc.), 34 F.3d 756, 763 (9th Cir. 1994) ("'Its application, when properly invoked before a court, rests in the discretion of that court, which exercises such discretion under the general principles of

equality." (citation omitted)); Pieri v. Lysenko (In re Pieri), 86 B.R. 208, 210 (9th Cir. BAP 1988) ("Under the Code, the allowance of setoff is not automatic but is instead permissible at the discretion of the bankruptcy court, applying the general principles of equity."). "While setoff is by its nature equitable, setoff rights in many cases are governed by statute and are applied consistent with the governing statutory terms." Gould, 401 B.R. at 423.

C. Recoupment.

Recoupment, as distinguished from setoff, is the setting up of a demand arising from the same transaction as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim. Newberry Corp. v. Fireman's Fund Ins. Co., 95 F.3d 1392, 1399 (9th Cir. 1996). The recoupment doctrine also relaxes the requirement of mutuality for setoff of debts as it relates to the pre or post-petition character of those debts. Id. Unlike setoff, recoupment is not subject to the automatic stay and does not violate the bankruptcy principle of ratable distribution of assets among the debtor's creditors. Id. at 1399-1400.

D. Utah Recognizes Setoff & Recoupment.

Setoff and recoupment are recognized in Utah. See Mark VII Fin. Consultants Corp. v. Smedley, 792 P.2d 130, 132 (Utah Ct. App. 2009). But the determination of whether ASCU has a cognizable right of setoff or recoupment under Utah law necessarily involves the adjudication of disputed issues of fact and law, including:

1. Whether the debts represented by the Judgment and the September 2011 Payment are "mutual" for purposes of a setoff under Utah law;

2. Whether ASCU has the right to assert setoff and/or recoupment with respect to the Judgment and September 2011 Payment;

3. Whether the express prohibition against setoff contained in the Ground Lease trumps any right ASCU may have to assert an equitable right of setoff with respect to the Judgment and the September 2011 Payment under Utah law; and

4. Whether the express prohibition against "any abatement, reduction, set off, counterclaim, defense or reduction with respect to the payment of any rent" contained in the Ground Lease trumps any right ASCU may have to assert recoupment with respect to the Judgment and the September 2011 Payment under Utah law.

1    On May 17, 2011, the court previously lifted the automatic stay pursuant to § 362(d)(1) to permit the Utah state court to adjudicate to final judgment all claims and causes of action pending in Consolidated Case No. 060500297 based upon or arising out of the Ground Lease between the Debtor and ASC Utah, Inc. Despite the Judgment on May 24, 2011, the case remains pending before the Utah state court for adjudication of the remaining claims asserted by the Debtor against ASC Utah, Inc., post-trial motions with respect to the Judgment, any judgment that may be entered on account of the Debtor's claims, and the appeal, if any, of either judgment. The Utah state court was authorized to conclude "all matters directly related to" the consolidated case. The Utah state court was specifically authorized to extend the prejudgment writ of attachment issued on May 5, 2011, and to determine the form and amount of any supersedeas bond required under Rule 62 of the Utah Rules of Civil Procedure in the event of an appeal. While the conflicting claims of ASCU and the Debtor with respect to setoff and/or recoupment fall squarely within the claims allowance process that is central to "core" jurisdiction, the court may abstain from exercising jurisdiction even in core matters, particularly where, as here, there is a pending state court action between the parties. See e.g., Nilsen v. Neilson (In re Cedar Funding, Inc.), 419 B.R. 807, 820 (9th Cir. BAP 2009) ("That the matter is core does not preclude a discretionary remand, as provided for by 28 U.S.C. § 1452(b)."); Bricker v. Martin, 348 B.R. 28, 34 (W.D. Pa. 2006) ("[A] bankruptcy court may permissively abstain from any proceeding over which it has jurisdiction."). The disputed issues of fact and law with respect to ASCU's alleged right of setoff or recoupment and the Debtor's defenses thereto arise under Utah law, involve the interpretation and application of Utah state law, are intimately connected to the Utah litigation, and can be timely adjudicated in the Utah state court.

### III. CONCLUSION

For the reasons stated, the court finds "cause to modify the stay under 11 U.S.C. § 362(d)(1) to permit: (a) ASCU to seek relief in the Utah state court in conjunction with Consolidated Case No. 060500297, pending before the Third Judicial District Court in Summit

County, State of Utah, to exercise its alleged right of setoff and/or recoupment under applicable Utah state law; (b) the Utah state court to adjudicate ASCU's alleged right of setoff and/or recoupment and the Debtor's defenses thereto; and ( c) ASCU to enforce any right of setoff and/or recoupment determined by the Utah state court to exist with respect to the Judgment, the September 2011 Payment, and any other amounts due between the parties under the Ground Lease.

The court will enter a separate order consistent with this opinion.

Dated: August 7, 2011

PETER H. CARROLL
United States Bankruptcy Judge

| In re: | CHAPTER: |
|---|---|
| Debtor(s). | CASE NUMBER: |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify* **MEMORANDUM DECISION** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of 08-08-2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Asa S Hami    ahami@sulmeyerlaw.com
- Mark S Horoupian    mhoroupian@sulmeyerlaw.com, kfox@sulmeyerlaw.com
- David S Kupetz    dkupetz@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com
- Kenneth G Lau    kenneth.g.lau@usdoj.gov
- Queenie K Ng    queenie.k.ng@usdoj.gov
- Marcus Tompkins    mtompkins@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Scott H Yun    syun@stutman.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

David M Wahlquist
Kirton & McConkie PC
1800 Eagle Gate Tower
60 E South Temple
Salt Lake City, UT 84111

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    **F 9021-1.1**